United States District Court
for the
Southern District of Florida

| | |
|---|---|
| ABS-CBN Corporation and others, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 17-60650-CIV-SCOLA |
| ) | |
| Cinesilip.net, and others, ) | |
| Defendants. ) | |

### Order Granting Application for Preliminary Injunction

This matter is before the Court on the Plaintiffs' Application for Preliminary Injunction (ECF No. 6), Plaintiffs' Supplemental Brief to Add Domain Name to Plaintiffs' Application for Preliminary Injunction (ECF No. 21), and upon the Preliminary Injunction Hearing held on March 28, 2017. The Plaintiffs have moved for entry of a preliminary injunction against the Defendants, who are identified on Schedule A, pursuant to 15 U.S.C. § 1116, 17 U.S.C. § 502(a), Fed. R. Civ. P. 65, and The All Writs Act, 28 U.S.C. § 1651(a) and (d) and the Copyright Act, 17 U.S.C. § 101 *et seq*. The Court has carefully reviewed the Motion and the record and is otherwise fully advised in the premises.

The Court convened a hearing on March 28, 2017, at which only counsel for Plaintiffs was present and available to present evidence supporting the Application for Preliminary Injunction. The Defendants have not responded to the Application for Preliminary Injunction, nor made any filings in this case, nor have the Defendants appeared in this matter either individually or through counsel.[1] Because the Plaintiffs have satisfied the requirements for the issuance of a preliminary injunction, the Court **grants** the Plaintiffs' Application for Preliminary Injunction (ECF No. 6).

---

[1] Plaintiffs' counsel received a telephonic inquiry from Defendant wildpinoy.net (Defendant Number 18) but this Defendant declined to leave a phone number to return the call. Plaintiffs' counsel thus replied to the telephone message via e-mail to the Defendant, and advised them of the April 28, 2017 hearing date and the requirement to submit a formal response. A copy of Plaintiffs' counsel's reply to Defendant Number 18 is on file with the Court [DE 22]. To date, no formal response or notice of appearance has been filed with the Court.

### 1. Factual Background[2]

Plaintiff ABS-CBN International is the registered owner of the following trademarks on the Principal Register of the United States Patent and Trademark Office (collectively, the "ABS-CBN Registered Marks"):

| Trademark | Registration Number | Registration Date | Class/Services |
|---|---|---|---|
| ABS-CBN | 2,334,131 | March 28, 2000 | IC 036 – telephone calling card services<br><br>IC 038 – Television broadcasting services via satellite and cable |
| TFC | 3,733,072 | Jan. 5, 2010 | IC 038 – Television broadcasting services via satellite and cable<br><br>IC 041 – Production and programming of television shows, entertainment and a variety of programming distributed over television, satellite and via a global computer network |

The ABS-CBN Registered Marks are used in connection with the manufacture and distribution of entertainment content in the categories identified above. (*See* Pl.'s Mot. Ex. 1 ¶ 5, ECF No. 6-1)

ABS-CBN International is further the owner of all rights in and to the following common law trademark (the "ABS-CBN Common Law Mark"):

| Trademark |
|---|
|  |

---

[2] The factual background is taken from Plaintiffs' Complaint, Application for Preliminary Injunction, and supporting evidentiary submissions.

(*Id.* ¶ 6.) The ABS-CBN Common Law Mark is used in connection with the manufacture and distribution of high quality entertainment content in the categories identified above. (*Id.*) Together, the ABS-CBN Registered Marks and the ABS-CBN Common Law Mark are referred to herein as the "ABS-CBN Marks." ABS-CBN Corporation, ABS-CBN Film Productions, Inc., and ABS-CBN International share exclusive rights in and to the ABS-CBN Marks. Moreover, ABS-CBN Corporation, ABS-CBN Film Productions, Inc., and ABS-CBN International are all licensed to use and enforce the ABS-CBN Marks. (*See id.*)

Plaintiff ABS-CBN Film Productions, Inc. is the owner of the registered copyrights in and to the movies identified in Exhibit 2 to the Complaint. (ECF No. 1-3.) Moreover, Plaintiff ABS-CBN Corporation is the owner of many unregistered copyrights, including but not limited to those specifically identified in paragraph 25 of the Complaint and in Exhibit 4 thereto (ECF No. 1-5). (*See* Pl.'s Mot. Ex. 1 ¶ 4, ECF No. 6-1.) Collectively, these registered and unregistered copyrighted works are referred to herein as the "Copyrighted Works." ABS-CBN Corporation, ABS-CBN Film Productions, and ABS-CBN International all share exclusive rights in and to the Copyrighted Works. (*Id.*)

The Defendants, through the fully accessible, Internet websites operating under the domain names identified on Schedule "A" hereto (collectively, the "Subject Domain Names") and via at least one Social Media Profile, have advertised, promoted, offered for distribution, distributed and/or publicly performed the Copyrighted Works under what Plaintiffs have determined to be counterfeits, infringements, reproductions, and/or colorable imitations of the ABS-CBN Marks. (*See id.* ¶¶ 12-15; *see also* relevant web pages from Defendants' Internet websites operating under the Subject Domain Names and Social Media Profile attached as Exhibits 3, 4, and 5 to the Complaint (ECF Nos. 1-4, 1-5, and 1-6).)

Although each of the Defendants may not copy and infringe each of the Plaintiffs' trademarks for each category of services protected, the Plaintiffs have submitted sufficient evidence showing each of the Defendants has infringed at least one or more of the trademarks and Copyrighted Works at issue. (*See* Pl.'s Mot. Ex. 1 ¶¶ 12-13, ECF No. 6-1.) The Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the of the ABS-CBN Marks and/or perform or distribute the Copyrighted Works. (*See id.* ¶¶ 12-15.)

The Plaintiffs' representative, Elisha J. Lawrence, reviewed and visually inspected the Internet websites operating under the Subject Domain Names, or the web page captures of the Subject Domain Names, and determined the distribution services offered by Defendants were not genuine or authorized distribution services of Plaintiffs' Copyrighted Works. (*See id.* ¶¶ 13-15.)

On April 4, 2017, the Plaintiffs filed a Complaint (ECF No. 1) against the Defendants for trademark counterfeiting and infringement, false designation of origin, common law unfair competition, common law trademark infringement, direct infringement of copyright, and contributory infringement of copyright. Also on April 4, 2017, the Plaintiffs filed an *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction (ECF No. 6). On April 6, 2017, the Court issued an Order Granting *Ex Parte* Temporary Restraining Order and Setting Hearing (ECF No. 8). The Plaintiffs subsequently moved for, and the Court authorized, alternate service of process on the Defendants (ECF Nos. 14-15). The Plaintiffs provided the Defendants with notice of the Plaintiffs' *Ex Parte* Application for Entry of a Temporary Restraining Order and Preliminary Injunction and copies of the Court's April 4, 2017 Order via electronic mail ("e-mail") to each Defendant's corresponding e-mail address(es) and/or via publication (ECF Nos. 10-12, 18-20).

**2. Legal Standard**

To obtain a preliminary injunction, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (per curiam); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F. 3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case).

**3. Analysis**

The declarations the Plaintiffs submitted in support of their Application for Temporary Restraining Order support the following conclusions of law:

A. The Plaintiffs have a very strong probability of proving at trial that consumers are likely to be confused by the Defendants' advertisement, promotion, distribution and public performance of the Copyrighted Works using counterfeits, reproductions, and/or colorable imitations of the ABS-CBN Marks, and that the services the Defendants are offering and promoting are unauthorized distribution services using the ABS-CBN Marks.

B. Because of the infringement of the ABS-CBN Marks and Copyrighted Works, the Plaintiffs are likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. It clearly appears from the following specific facts, as set forth in the Plaintiffs' Complaint, Application for Preliminary Injunction, supplemental brief, and accompanying declarations on

file, that immediate and irreparable loss, damage, and injury will result to the Plaintiffs and to consumers because it is more likely true than not that:

1. The Defendants own or control Internet websites, domain names, or businesses which advertise, promote, and/or offer distribution services using counterfeit and infringing trademarks and infringe the Copyrighted Works in violation of the Plaintiffs' rights;

2. There is good cause to believe that the Defendants will continue to violate the Plaintiffs' intellectual property rights and offer more distribution services of copyrighted content under counterfeit and infringing versions of the Plaintiffs' trademarks; that consumers are likely to be misled, confused, or disappointed by the quality of these services; and that the Plaintiffs may suffer loss of sales for their genuine services and an unnatural erosion of the legitimate marketplace in which they operate; and

C. The balance of potential harm to the Defendants in restraining their trade in counterfeit and infringing branded services if a preliminary injunction is issued is far outweighed by the potential harm to the Plaintiffs, their reputations, and their goodwill as a manufacturer and distributor of quality entertainment content if such relief is not issued.

D. The public interest favors issuance of the preliminary injunction to protect the Plaintiffs' trademark and copyright interests and protect the public from being defrauded by the palming off of counterfeit services as the Plaintiffs' genuine services.

**4. Conclusion**

For the foregoing reasons, it is **ordered and adjudged** that the Plaintiffs' Application for Preliminary Injunction (ECF No. 6) is hereby **granted** as follows:

(1) Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order are hereby restrained and enjoined until further Order of this Court:

   a. From advertising, promoting, copying, broadcasting, publicly performing, and/or distributing any of the Plaintiffs' content or copyrighted works;
   b. From advertising, promoting, offering, distributing, using, and/or causing to be advertised, promoted, offered and/or distributed, any services using the ABS-CBN Marks, or any confusingly similar trademarks, other than those actually offered or distributed by the Plaintiffs; and

  c. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any evidence relating to the promotion, advertisement, and/or distribution of services or copyrighted content bearing or under the ABS-CBN Marks, or any confusingly similar trademarks or public performances or distributions of the Plaintiffs' Copyrighted Works.

  (2) Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the ABS-CBN Marks or any confusingly similar trademarks, on or in connection with all Internet websites, social media profiles, domain names, or businesses owned and operated, or controlled by them, including the Internet websites operating under the Subject Domain Names;

  (3) Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order shall immediately discontinue the use of the ABS-CBN Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by each of the Defendants, including the Internet websites operating under the Subject Domain Names;

  (4) Each of the Defendants shall not transfer ownership of the Subject Domain Names during the pendency of this action, or until further order of the Court;

  (5) The domain name registrars for the Subject Domain Names are directed, to the extent not already done, to transfer to the Plaintiffs' counsel, for deposit with this Court, domain name certificates for the Subject Domain Names;

  (6) Upon the Plaintiffs' request, the privacy protection service for any of the Subject Domain Names for which the registrant uses such privacy protection service to conceal the registrant's identity and contact information

are ordered, to the extent not already done, to disclose to the Plaintiffs the true identities and contact information of those registrants;

(7) The domain name registrars for the Subject Domain Names shall immediately, to the extent not already done, assist in changing the registrar of record for the Subject Domain Names, to a holding account with a registrar of the Plaintiffs' choosing (the "New Registrar"), excepting any such domain names which such registrars have been notified in writing by the Plaintiffs have been or will be dismissed from this action, or as to which the Plaintiffs have withdrawn their request to immediately transfer such domain names. To the extent the registrars do not assist in changing the registrars of record for the domains under their respective control within one (1) business day of receipt of this Order, the top-level domain (TLD) registries for the Subject Domain Names or their administrators, including backend registry operators or administrators, within five (5) business days of receipt of this Order shall change, or assist in changing, the registrar of record for the Subject Domain Names to a holding account with the New Registrar, excepting any such domain names which such registries have been notified in writing by the Plaintiffs have been or will be dismissed from this action or as to which the Plaintiffs have withdrawn their request to immediately transfer such domain names. Upon the change of the registrar of record for the Subject Domain Names, the New Registrar will maintain access to the Subject Domain Names in trust for the Court during the pendency of this action. Additionally, the New Registrar shall immediately institute a temporary 302 domain name redirection which will automatically redirect any visitor to the Subject Domain Names to the following Uniform Resource Locator ("URL") http://servingnotice.com/B5C4GF0/index.html whereon copies of the Complaint, this Order, and all other documents on file in this action shall be displayed. Alternatively, the New Registrar may update the Domain Name System ("DNS") data it maintains for the Subject Domain Names, which link the domain names to the IP addresses where their associated websites are hosted, to NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which will cause the domain names to resolve to the website where copies of the Complaint, this Order, and all other documents on file in this action shall be displayed. After the New Registrar has effected this change, the Subject Domain Names shall be placed on lock status, preventing the modification or deletion of the domains by the New Registrar or the Defendants;

(8) Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the Subject Domain Names and shall take all

steps necessary to retrieve computer files relating to the use of the Subject Domain Names that may have been deleted before the entry of this Order;

(9) This Order shall apply to the Subject Domain Names, associated websites, and any other domain names and websites properly brought to the Court's attention and verified by sworn affidavit that such new domain names are being used by the Defendants for the purpose of counterfeiting the ABS-CBN Marks, infringing the Copyrighted Works, or unfairly competing with the Plaintiffs on the World Wide Web;

(10) As a matter of law, this Order shall no longer apply to any Defendant or associated domain name dismissed from this action or as to which the Plaintiffs have withdrawn its request for a preliminary injunction;

(11) Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Fed. R. Civ. P. 65(c), the Plaintiffs shall maintain their previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which the Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court; and

(12) This preliminary injunction shall remain in effect during the pendency of this action, or until further Order of this Court.

**Done and ordered** at Miami, Florida, on April 28, 2017.

_____
Robert N. Scola, Jr.
United States District Judge

# SCHEDULE A
# DEFENDANTS BY NUMBER AND SUBJECT DOMAIN NAME

| Def. No. | Subject Domain Name |
|---|---|
| 1 | cinesilip.net |
| 2 | pinoychanneltv.me |
| 2 | pinoytambayantv.me |
| 2 | pinoytambayanreplay.net |
| 3 | drembed.com |
| 4 | embeds.me |
| 5 | fullpinoymovies.com |
| 6 | lambingan.ph |
| 7 | magtvna.com |
| 8 | pinoy1tv.ch |
| 8 | pinoy1tv.cc |
| 9 | pinoychannel.co |
| 10 | pinoye.com |
| 11 | wowpinoytambayan.ws |
| 11 | pinoytelebyuwers.se |
| 12 | pinoyteleserye.org |
| 13 | pinoytvnetwork.net |
| 14 | pinoytopmovies.info |
| 15 | pinoytvreplay.ws |
| 16 | teleserye.me |
| 17 | watchpinaytv.com |
| 18 | wildpinoy.net |
| 19 | pinoy-hd.com |